United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ROSANA RUBI, | § | |
| Individually and as Next | § | |
| Friend of E.C., a Minor, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1831 |
| | § | |
| MTD PRODUCTS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] are Maria Rosana Rubi's ("Rubi") Motion for Judgment on the Pleadings (Doc. 35), Nicolas Medina, individually, ("Nicolas Medina") and doing business as ("dba") Medina Tree Services' ("Medina Tree Services") (collectively "Medina") Motion for Summary Judgment (Doc. 45), and Medina's Supplemental Motion for Summary Judgment (Doc. 58). The court has considered the motions, the responses, the replies, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** all three motions and **DESIGNATES** Rubi a responsible third party pursuant to Chapter 33. Additionally, the jury may consider Medina's conduct in the apportionment of fault. The court **OVERRULES** MTD's objections to Medina's evidence of settlement.

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 85, Ord. Dated November 22, 2016.

## I.  Case Background

Rubi, individually and as next friend of E.C., ("Plaintiff") filed this action against a lawn mower manufacturer, MTD Products, Inc., ("MTD"), alleging that E.C. sustained injuries as a result of MTD's negligence in the design, manufacturing, marketing, and sale of the Cub Cadet commercial lawn mower.[2]

On July 19, 2014, E.C., the eight-year-old child of Rubi, was injured when her right hand entered an opening that exposed moving parts of the lawn mower and "was severely crushed and sliced to such an extent that the only option for her doctors was to amputate her right hand at the wrist."[3]

E.C.'s injury gave rise to two state lawsuits filed by Rubi, individually and as next friend of E.C.  The first was filed on September 30, 2014, against Medina and Ruffina Medina ("Medina Lawsuit").[4]  The second was originally filed on May 29, 2015, in state court and now is pending before this court ("MTD Lawsuit").[5]

## A.  Medina Lawsuit

The petition in the Medina Lawsuit alleged that Nicolas Medina and Ruffina Medina were negligent in failing to protect E.C. from

---

[2]    See Doc. 3-1, Ex. A to Am. Notice of Removal, Pl.'s Orig. Pet.

[3]    Id. pp. 2-3, 8.

[4]    See Doc. 17-1, Ex. 1 to MTD's Agreed Mot. for Leave to File 3rd-Party Pleading, Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.).

[5]    See Doc. 3-1, Ex. A to Am. Notice of Removal, Pl.'s Orig. Pet.

"unreasonably dangerous conditions or to warn of their existence."[6]
While on Nicolas and Ruffina Medina's property as an invitee, the
petition alleged, E.C. was injured by a lawn mower owned and
operated by Medina.[7]

The lawsuit sought damages to compensate E.C. for severe and
permanent physical impairment, physical pain, mental anguish,
disfigurement, loss of enjoyment of life, medical expenses, partial
or permanent disability, and expenses for rehabilitative care,
therapy, and prosthetics.[8]   In addition to these expenses,
Plaintiff sought on Rubi's behalf the cost of medical care and the
loss of E.C.'s earning potential.[9]

After two amendments, the live pleading no longer named
Ruffina Medina as a defendant and included additional allegations
regarding Medina's culpability.[10]  Specifically, the pleading added
the allegations that, at the time of E.C.'s injury, Nicolas Medina
"was operating the commercial lawn mower in the course of
maintaining the business premises" of Medina Tree Services and that

---

[6]   Doc. 17-1, Ex. 1 to MTD's Agreed Mot. for Leave to File 3rd-Party
Pleading, Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris
Cty.) p. 3.

[7]   Id.

[8]   See id. pp. 6-7.

[9]   See id. pp. 7-8.

[10]   Compare Doc. 17-1, Ex. 1 to MTD's Agreed Mot. for Leave to File 3rd-
Party Pleading, Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of
Harris Cty.) with Doc. 17-3, Ex. 3 to MTD's Agreed Mot. for Leave to File 3rd-
Party Pleading, 2d Am. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of
Harris Cty.)

3

Nicolas Medina created an attractive nuisance by leaving the lawn mower running and unattended.[11]   Further, the pleading alleged, Nicolas Medina selected a defectively designed lawn mower that lacked a sufficient guard on dangerous moving parts for use in his business and disabled an engine-kill feature to allow for more efficient performance of the Medina Tree Services' business endeavors.[12] The pleading stated specifically that Nicolas Medina's actions were "directly related" to the Medina Tree Services' business and were the proximate causes of E.C.'s injury.[13]

The parties to the Medina Lawsuit settled the action for $775,000.[14]  The settlement agreement was signed by, in addition to Plaintiff's counsel, an attorney who signed for Nicolas Medina in his individual capacity and an attorney who signed for Nicolas Medina dba Medina Tree Services.[15]  A related release of claims **"RELEASE[D], ACQUIT[TED], AND FOREVER DISCHARGE[D]"** all claims

---

[11]      Doc. 17-3, Ex. 3 to MTD's Agreed Mot. for Leave to File 3rd-Party Pleading, 2d Am. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.) pp. 4, 6.  The amended petition omitted a prior statement to the effect that nothing E.C. had done or failed to do caused or contributed to her injuries.  Compare id. p. 4 with Doc. 17-1, Ex. 1 to MTD's Agreed Mot. for Leave to File 3rd-Party Pleading, Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.) p. 4 and Doc. 17-2, Ex. 2 to MTD's Agreed Mot. for Leave to File 3rd-Party Pleading, 1st Am. Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.) p. 5.

[12]      See id. p. 5

[13]      Id.

[14]      See Doc. 58, Ex. D to Medina's Suppl. Mot. for Summ. J., Settlement Agreement.

[15]      See id. pp. 2-3.

against Nicolas Medina without mentioning his dba capacity.[16]   On
April 13, 2015, the state court approved the settlement and
rendered judgment "in favor of Plaintiff and against Defendant."[17]
The judgment, which awarded Rubi and E.C. $775,000, resolved the
case in its entirety and, although not referring to Nicolas Medina,
individually, or dba Medina Tree Services by name, indicated that
"all parties" settled.[18]

**B.   MTD Lawsuit**

On May 29, 2015, Plaintiff filed a petition in state court
against MTD.[19]   Plaintiff alleged that E.C.'s injuries were caused
by the Cub Cadet lawn mower, which was "unreasonably dangerous"
because it lacked "adequate guards of the power train belts and
pulleys on top of the cutting deck" and the "opening . . . exposed
moving parts to users and persons in the vicinity of the mower
while in operation."[20]   Plaintiff accused MTD of negligence in
designing the Cub Cadet, in failing to warn users of the danger,
and in manufacturing the lawn mower.[21]   Plaintiff also brought a
separate cause of action for product liability in designing and

---

[16]    See Doc. 58, Ex. E to Medina's Suppl. Mot. for Summ. J., Release of
All Cls.

[17]    See Doc. 58, Ex. B to Medina's Suppl. Mot. for Summ. J., J. of the
151st Dist. Ct. of Harris Cty. Dated Apr. 13, 2015 p. 3.

[18]    See id. pp. 1-4.

[19]    See Doc. 3-1, Ex. A to Am. Notice of Removal, Pl.'s Orig. Pet.

[20]    Id. p. 3.

[21]    See id. pp. 3-4.

manufacturing the mower.[22]   Plaintiff sought a list of identical damages as in the Medina Lawsuit.[23]

On June 26, 2015, MTD removed the action to this court and, on July 2, 2015, filed an answer in which it raised twenty-two defenses.[24]   On January 18, 2016, Plaintiff amended, with MTD's written consent, in order to add allegations regarding MTD's culpability.[25]  MTD filed its answer to the amended complaint on the same day, adding eleven more affirmative defenses, including five that related specifically to Nicolas Medina, Medina Tree Services, and the Medina Lawsuit.[26]

On February 25, 2016, MTD filed an "agreed" motion for leave to file a third-party "petition" against Plaintiff, Nicolas Medina, and Medina Tree Services.[27]   MTD argued that Plaintiff was "trying to change [the] theory of the case" and was pursuing "piecemeal litigation" and "duplicative recovery" and that MTD was "prejudiced

---

[22]    See id. pp. 3-4.

[23]    Compare id. pp. 6-8 with Doc. 17-1, Ex. 1 to MTD's Agreed Mot. for Leave to File 3rd-Party Pleading, Orig. Pet. in Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.) pp. 6-8.

[24]    See Doc. 1, Notice of Removal; Doc. 4, Ans.

[25]    See Doc. 15, Pl.'s 1st Am. Compl.

[26]    See Doc. 16, MTD's Ans. to Pl.'s 1st Am. Compl. pp. 7-9 (citing Rubi v. Medina, No. 2014-56631 (151st Dist. Ct. of Harris Cty.)).

[27]    See Doc. 17, MTD's Agreed Mot. for Leave to File 3rd-Party Pleading Although designated an "agreed" motion, it did not include a certificate of conference or any statement to the effect that the named parties agreed to being added as third-party defendants.   See id.   Moreover, Rubi and Medina filed motions to dismiss the third-party "petition," which hardly suggests that they agreed to its filing.

in its ability to protect its interests with all parties present"
because of its exclusion from the Medina Lawsuit.[28]   MTD claimed
that the evidence "support[ed] the conclusion that [Nicolas] Medina
disconnected the mower's safety device, that [Nicolas] Medina
and/or Plaintiff[] were inappropriately playing with the mower,
were negligent, and were the sole proximate causes of E.C.'s
alleged damages."[29]

    The motion requested that the court allow MTD "to file a third
party petition [sic]," citing only Chapter 33 of the Texas Civil
Practice and Remedies Code ("Chapter 33") as authority.[30]   The court
granted MTD's "agreed" motion the day after its filing, and MTD's
third-party "petition" was docketed on February 29, 2016.[31]   The
pleading named Plaintiff and Medina as third-party defendants.[32]
MTD alleged that Rubi and her daughter E.C. were neighbors of
Nicolas Medina and E.C. was an invitee on Nicolas Medina's property
when she was injured.[33]   MTD alleged two alternative theories of the
events that caused E.C.'s injury: (1) Nicolas Medina gave E.C. a
joyride on the mower deck in Nicolas Medina's backyard, and E.C.

---

[28]    Id. pp. 2, 3, 7.

[29]    Id. p. 3.

[30]    Id. pp. 14-18.

[31]    See Doc. 18, Ord. Dated Feb. 26, 2016; Doc. 19, MTD's 3rd-Party
Pleading.

[32]    See Doc. 19, MTD's 3rd-Party Pleading pp. 1-2.

[33]    See id. p. 3.

lost her balance, fell, and caught her hand in the mower when Nicolas Medina turned the mower and/or operated the mower at excessive speed; or (2) Nicolas Medina disconnected the mower's safety feature, left the mower running unattended, and E.C. began playing on the mower and put her hand inside its running parts.[34]

MTD alleged that Nicolas Medina was negligent in permitting E.C. to ride the mower as a passenger, in making sharp turns and driving at excessive speed, in disconnecting the mower's safety feature and leaving it running, in creating an attractive nuisance, in failing to warn E.C. of the danger of the running mower, and in failing to supervise E.C. while visiting Nicolas Medina's property.[35] MTD also alleged that Rubi was negligent in failing to supervise E.C., alleging that Rubi "lost track of E.C." when she went to visit Nicolas Medina's property and that E.C. was negligent either in playing on the mower and sticking her hand in its moving parts or in taking a joyride on the mower with Nicolas Medina.[36]

As to all three, MTD asserted that it was entitled to indemnification because its liability, if any, arose out of "acts or omissions which were merely passive and secondary and result[ed] solely from the negligent conduct" of the third-party defendants, and that it was entitled to contribution because its liability "was

---

[34]   See id. pp. 3-5.

[35]   See id. pp. 6-21.

[36]   See id. pp. 21-24.

at most a joint or concurring cause of damages allegedly suffered by Plaintiffs."[37]  MTD alleged, in the alternative, that Plaintiff was not entitled to recover from MTD because the negligence of Medina, Rubi, or E.C. was the "supervening, intervening, and efficient cause of the damages."[38]

MTD requested that the trier of fact determine the percentage of responsibility with respect to each person, deny Plaintiff any recovery if Plaintiff bore more that fifty percent liability, reduce the amount of damages to be recovered by Plaintiff by a percentage equal to Plaintiff's and Medina's combined percentage of responsibility, reduce the amount of damages to be recovered by Plaintiff by the amounts of all settlements.[39]  In addition to statutory relief, MTD requested contribution and indemnity from Plaintiff and Medina pursuant to common law contribution and indemnity.[40]

Rubi waived service on March 22, 2016, and MTD served the pleading on Medina on March 23, 2016.[41]  On April 8, 2016, Medina answered the third-party "petition" and filed a motion to dismiss that the court later mooted after Medina filed a motion for summary

---

[37]   Id. pp. 6, 7.

[38]   Id. p. 7.

[39]   See id. pp. 24-25.

[40]   See id. p. 25.

[41]   See Doc. 26, Ret. of Serv.; Doc. 27, Waiver of Serv.

judgment on similar grounds.[42]  On May 20, 2016, Rubi answered the third-party pleading and filed a motion for judgment on the pleadings.[43]  On June 16, 2016, Medina filed a motion for summary judgment.[44]  On July 22, 2016, Medina filed a supplemental motion for summary judgment.[45]  On August 2, 2016, Rubi filed an amended answer to MTD's third-party pleading with leave of court to add the affirmative defense of parental immunity.[46]

## II.  Applicable Law

Chapter 33, which is generally recognized as applicable in diversity actions, applies to any tort "in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought."  Tex. Civ. Prac. & Rem. Code § 33.002(1); see also Sting Soccer Operations Grp. LP v. JPMorgan Chase Bank NA, Civil Action No. 4:15-CV-00127, 2016 WL 5234918, at *1 (E.D. Tex. Sept. 22, 2016)(slip copy)(listing cases and stating that most district courts apply Chapter 33 to diversity actions); EH Nat'l Bank v. Tran, Civil Action No. 3:16-cv-00083-M, 2016 WL 4138634, at *2

---

[42]  See Doc. 28, Medina's Mot. to Dismiss; Doc. 29, Medina's Ans.; Doc. 52, Min. Entry Ord. Dated July 7, 2016.

[43]  See Doc. 34, Rubi's Ans.; Doc. 35, Rubi's Mot. for J. on the Pleadings.

[44]  See Doc. 45, Medina's Mot. for Summ. J.

[45]  See Doc. 58, Medina's Suppl. Mot. for Summ. J.

[46]  See Doc. 65, Rubi's 1st Am. Ans.

(N.D. Tex. Aug. 4, 2016)(slip copy)(quoting <u>Hernandez v. Bumbo</u> <u>(Pty.) Ltd.</u>, No. 3:12-cv-1213-M, 2014 WL 924238, at *1 (N.D. Tex. Mar. 10, 2014)(unpublished), as stating that Chapter 33 is state substantive law that applies to diversity actions).

A "responsible third party" is:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6). A "settling person" is "a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought." Tex. Civ. Prac. & Rem. Code § 33.011(5).

Neither the designation of a third party as responsible nor the finding of fault against that person imposes liability on that person. Tex. Civ. Prac. & Rem. Code § 33.004(i). Thus, "[a] defendant may liberally designate responsible third parties[,] . . . even parties who are not subject to the court's jurisdiction or who are immune from liability to the claimant." <u>Brewer v. Suzuki Motor of Am., Inc.</u>, CIVIL ACTION NO. 4:15-CV-00197, 2016 WL 4159754, at *3 (S.D. Tex. Aug. 3, 2016)(slip copy)(quoting <u>Fisher v. Halliburton</u>, 667 F.3d 602, 621-22 (5th Cir. 2012); <u>see also</u> <u>In re Elevator Servs. Co.</u>, 178 S.W.3d 53, 58 n.5 (Tex. App.—Houston

11

[1st Dist.] 2005, no pet.).

In order to designate a person as a responsible third party, a defendant needs to timely file "a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a).  The motion for leave is to be granted unless another party objects within fifteen days of being served the motion and establishes that the defendant failed to "plead sufficient facts concerning the alleged responsibility of the person" designated.  Tex. Civ. Prac. & Rem. Code § 33.004(f),(g) (basing the sufficiency determination on the liberal pleading standards in the Texas Rules of Civil Procedure); see also Tex. R. Civ. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice of the claim involved").  If the motion is granted, the person named in the motion is so designated without further action by the court or any party.  Tex. Civ. Prac. & Rem. Code § 33.004(h).  The defendant then bears the burden at trial to produce evidence that the designated person is responsible for some portion of the plaintiff's damages.  See Tex. Civ. Prac. & Rem. Code § 33.003(b).

The trier of fact is tasked with deciding, if sufficient evidence is presented on the conduct of each designated party, the percentage of responsibility that falls to each claimant, defendant, settling person, and/or designated third party.  Tex. Civ. Prac. & Rem. Code § 33.003.  If a plaintiff is more than fifty

12

percent responsible for the injury suffered, the plaintiff may not recover any damages.  Tex. Civ. Prac. & Rem. Code § 33.001.

### III.   Analysis

MTD filed a motion for leave to file a third-party "petition" pursuant to Chapter 33.  Neither the motion nor MTD's third-party pleading mentioned Federal Rule of Civil Procedure 14 concerning *federal third-party practice*, which is the procedure of impleader. More importantly, MTD did not seek to transfer its liability to a nonparty who could be secondarily or derivatively liable for all or part of Plaintiff's claims against MTD.[47]  Rather, MTD sought comparative responsibility, contribution, and indemnity against Plaintiff and Medina, alleging that they were liable, at least in part, for the harm *to Plaintiff*.[48]

MTD conflated federal third-party practice and state proportionate-responsibility provisions.  MTD filed a third-party "petition" naming Plaintiff and Medina as third-party defendants but pled no allegations supporting impleader.  As is evident both from MTD's reliance on Chapter 33 as legal authority and from its

---

[47]    *See* Doc. 19, MTD's 3rd-Party Pleading pp. 14–18.  MTD alleged negligence as the cause of action against each of the named third parties; however, MTD has no standing to assert negligence claims against these parties. *See* Campbell v. Lamar Inst. of Tech., ___ F.3d ___, 2016 WL 6915527, at *5 (5th Cir. Nov. 23, 2016)(stating that, for a plaintiff to have constitutional standing, it must show a concrete, particularized, imminent injury in fact, a causal connection to the defendant's actions, and the likelihood that a favorable decision would redress the injury).  MTD did not plead that it suffered any cognizable injury that is fairly traceable to the third-party defendants' actions, only that E.C.'s injuries were caused by the third-party defendants' actions. *See* Doc. 19, MTD's 3rd-Party Pleading

[48]    *See* Doc. 19, MTD's 3rd-Party Pleading pp. 14–18.

request that its own liability, if any, be reduced by the proportionate responsibility of the named third parties, MTD's actual intent was to designate the named third-party defendants as responsible for all or part of Plaintiff's harm.  The proper method for accomplishing that goal is to file a motion to designate responsible third parties, not to file a third-party "petition."  See Tex. Civ. Prac. & Rem. Code § 33.004(a).  Had MTD filed the proper motion, the granting of the motion would have completed the designation without need for the filing of a third-party pleading by MTD or the filing of answers by the designated parties.

In order to clarify this procedural snafu and address the concerns of Rubi and Medina, the court first grants the dispositive motions as to the third-party pleading and deems it in connection with MTD's motion for leave to be what they in fact collectively constituted—a motion to designate responsible third parties.  The court also deems the pending dispositive motions to be timely filed objections.[49]

## A.  Rubi's Motion for Judgment on the Pleadings

In Rubi's pending motion, she objects on the basis of parental immunity, arguing that she is immune from E.C.'s cause of action because, to the extent E.C.'s injuries arose out of Rubi's actions,

---

[49]     Medina filed the motion to dismiss sixteen days after receiving service of the third-party pleading, and Rubi filed her motion for judgment on the pleadings fifty-nine days after waiving service.  Both were timely filings under the Federal Rules of Civil Procedure in response to a third-party complaint.  However, the objection period for a motion to designate third parties is only fifteen days.

14

those actions fell within the protected parental activity of supervision. According to Rubi, MTD cannot bring an action that E.C. could not pursuant to the doctrine of parental immunity. MTD argued in response that Rubi's actions fell within one of the exceptions to parental immunity.

Plaintiff fits within the statutory definition of "responsible third party" because MTD alleged that Rubi and E.C. negligently caused or contributed to causing E.C.'s injury for which Plaintiff seeks damages. Specifically, MTD alleged that Rubi was negligent in failing to supervise E.C. and that E.C. was negligent either in playing on a mower and sticking her hand in its moving parts or in taking a joyride on the mower with Nicolas Medina. These allegations are sufficient to meet the fair-notice pleading standard of the Texas Rules of Civil Procedure in order to designate Rubi a responsible third party.

Rubi's claim of parental immunity does not prevent her from being designated as a responsible third party. Chapter 33, which does not impose liability, applies to Rubi even though she may have immunity to a suit brought by E.C. See Tex. Civ. Prac. & Rem. Code § 33.004(i); Fisher, 667 F.3d at 621-22, Brewer, 2016 WL 4159754, at *3.

Accordingly, Rubi failed to meet her burden imposed by Chapter 33 to strike her designation as a responsible third party because MTD successfully pled facts capable of showing Rubi's alleged

responsibility. <u>See</u> Tex. Civ. Prac. & Rem. Code § 33.004(g)(1). Rubi is designated a responsible third party. In order for the jury to be presented with the task of apportioning fault to Rubi, MTD must present at trial sufficient evidence to raise a genuine issue of fact regarding her responsibility for E.C.'s injury. <u>See</u> Tex. Civ. Prac. & Rem. Code § 33.003(b).

**B.   <u>Medina's Motion for Summary Judgment</u>**

In Medina's motion, the objection is based on Medina's status as a settling person who cannot be liable in any capacity to MTD. MTD filed a response that raised multiple issues.

MTD argues that the settlement documents and the judgment in the Medina case were unclear whether the claims were settled against Nicolas Medina in both of his capacities, raising a fact question whether Nicolas Medina dba Medina Tree Services qualifies as a "settling person" under Chapter 33.

Although the release and court order do not distinguish between Nicolas Medina, individually, and dba Medina Tree Services, Texas law provides that there is no distinction. <u>See</u> <u>Ideal Lease</u> <u>Serv., Inc. v. Amoco Prod. Co.</u>, 662 S.W.2d 951, 952 (Tex. 1983)(finding that, because the facts of the case showed that the sole proprietorship was an independent contractor so was the proprietor); <u>In re Gerstner</u>, NO. 02-15-00315-CV, 2015 WL 6444797, at *1 (Tex. App.—Fort Worth Oct. 23, 2015, not pet.)(unpublished) (citing <u>Ideal Lease Serv., Inc.</u>, 662 S.W.2d at 952)("A sole

proprietorship is, in law and in fact, one and the same as the person who is the sole proprietor."); <u>Garcia v. Shell Oil Co.</u>, 355 S.W.3d 768, 778 (Tex. App.—Houston [1st Dist.] Sept. 8, 2011, no pet.)(citing <u>Ideal Lease Serv., Inc.</u>, 662 S.W.2d at 952)("A sole proprietorship does not have a separate legal existence distinct from the operator of the business.")  Accordingly, no factual or legal question remains that Nicolas Medina settled the case for both himself and his proprietorship.  Medina has been released and should not be a party to this case.

Medina thus fits within the statutory definition of "settling person" due to the $775,000 given Plaintiff in consideration of Medina's potential liability for E.C.'s injury.  <u>See</u> Tex. Civ. Prac. & Rem. Code § 33.011(5).  Medina's actions may be considered by the jury in its assessment of responsibility for E.C.'s harm without the need for Medina to participate in this case.[50]  <u>Cf. Fisher</u>, 667 F.3d at 621-22 (stating that even parties not subject to the court's jurisdiction may be designated responsible third parties).  To be clear, the jury's consideration will be what percentage of responsibility is attributable to Medina without reference to the amount of his settlement.  That is, if Medina's percentage of the damages awarded by the jury were to exceed the dollar amount of $775,000, Medina would not be liable for the

---

[50]    In prior filings, Medina agreed that MTD could submit Medina's conduct to the jury for consideration pursuant to Chapter 33.  <u>See</u> Doc. 28, Medina's Motion to Dismiss p. 2; Doc. 29, Medina's Ans. p. 2.

dollar-amount difference, but neither would MTD be liable for that difference or for any percentage of responsibility greater than that assessed against MTD by the jury.

In its response, MTD also argued its entitlement to contribution and indemnity based on several theories not previously raised. In the third-party petition, MTD requested contribution and indemnity under Chapter 32 of the Texas Civil Practice and Remedies Code ("Chapter 32"), Chapter 33, "and any other applicable statutes or common law."[51] Chapter 32 allows a person against whom a judgment was rendered, after payment of the judgment, to recover from each co-defendant against whom judgment was also rendered. Tex. Civ. Pract. & Rem. Code § 32.002. Chapter 32 is not applicable in this case. Other than the rights of comparative responsibility that Chapter 33 bestows on MTD, MTD fails to show its entitlement to contribution or indemnity.

MTD's newly raised alternative theories of contribution and indemnity are equally unavailing. MTD has failed to cite any applicable statutory, common-law, or contractual basis for contribution or indemnity in this action. Under none of MTD's theories could Medina be directly or indirectly liable to MTD for damages to E.C. Accordingly, MTD is left with a claim of comparative responsibility and may present evidence of Medina's conduct in an effort to convince the jury that MTD is only

---

[51]    Doc. 19, MTD's 3rd-Party Pleading p. 25.

18

partially at fault, if at all.  <u>Cf.</u> Tex. Civ. Prac. & Rem. Code §
33.003 (stating that the jury may apportion responsibility among
each plaintiff, defendant, settling person, and/or designated third
party upon sufficient evidence as to each).

### IV.  Conclusion

Based on the foregoing, the court **GRANTS** Rubi's motion to
dismiss and Medina's motion and supplemental motion for summary
judgment.  The court **DESIGNATES** Rubi a responsible third party.
The jury may also consider Medina's conduct in the apportionment of
fault.

**SIGNED** in Houston, Texas, this 2<u>nd</u> day of December, 2016.

_____
U.S. MAGISTRATE JUDGE